IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00268-GCM

| | |
|---|---|
| RUTH AVELLAN, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ASSET ACCEPTANCE, LLC, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 3), Plaintiff's Response in Opposition (Doc. No. 4), and Defendant's Reply (Doc. No. 5). For the following reasons, Defendant's Motion is **DENIED.**

Plaintiff Ruth Avellan filed suit against Defendant Asset Acceptance, LLC in North Carolina state court on May 12, 2015. (Doc. No. 4-1) The complaint alleges that Asset Acceptance sued Avellan in Florida to recover on a debt of $4,092.06, but ultimately voluntarily dismissed the case. (*Id.*) Rather than refiling, Asset Acceptance filed a form 1099-C with the Internal Revenue Service ("IRS"), stating that it had cancelled a debt owed by Avellan. (*Id.*) The IRS accordingly informed Avellan that she owed $1,397 in unpaid income tax for the year 2013. (*Id.*) Plaintiff further alleges that she does not owe Asset Acceptance $4,092.06, and that the company has refused to file a corrected 1099-C form with the IRS. (*Id.*) She requests that this Court award damages in the amount of $10,000 and issue a declaratory judgment that she does not owe a debt to Defendant. (*Id.*)

Defendant filed the instant Motion to Dismiss on June 18, 2015, arguing that the complaint failed to state a claim on which relief can be granted because Avellan did not identify

the legal basis for her claim against defendant. (Doc. No. 3) Defendant suggests that the only plausible legal basis for her claim is fraud, and that her complaint fails to allege fraud with sufficient particularity to satisfy the requirements of Rule 9 of the Federal Rules of Civil Procedure. (*Id.*) Plaintiff opposes the Motion and argues that she did not intend to allege fraud. (Doc. No. 4)

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." A plaintiff satisfies the second requirement by including within her complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). As several courts have explained, there is no requirement that the plaintiff identify the statutory or common law grounds for her claim. *See, e.g.*, *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992) ("[A]

complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8 of the Federal Rules of Civil Procedure."); *Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 922 (N.D. Iowa 2003), *aff'd*, 382 F.3d 816 (8th Cir. 2004). Moreover, Defendant cites no case law in support of its argument that a plaintiff must identify the legal basis for her claim in her complaint.

Therefore, Defendant's Motion to Dismiss is **DENIED.**

**SO ORDERED.**

Signed: October 23, 2015

Graham C. Mullen
United States District Judge